UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GULL INDUSTRIES, INC., | CASE NO. C25-1923JLR |
| Plaintiff, | ORDER |
| v. | |
| GRANITE STATE INSURANCE COMPANY, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Defendant and Counter-Plaintiff Granite State Insurance Company's ("Granite State") motion to dismiss Plaintiff and Counter-Defendant Gull Industries, Inc.'s ("Gull") complaint.  (MTD (Dkt. # 10); Reply (Dkt. # 15); *see also* Compl. (Dkt. # 1).)  Gull opposes the motion.  (Resp. (Dkt. # 13).)  The court has

ORDER - 1

considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court GRANTS Granite State's motion.

## II.   BACKGROUND

This case arises from Granite State's refusal to defend and indemnify Gull in litigation that alleged that Gull's prior operation of one gas station located in Port Orchard, Washington, (hereafter "Station 260") caused groundwater contamination during at least one Granite State policy period. (Compl. ¶ 1.) Granite State issued Gull three excess insurance policies providing continuous coverage between October 1, 1980, and October 1, 1983. (*See id*. ¶¶ 9-10 (setting forth the details of the policies and their respective coverage dates and policy limits).)

### A.   2011 Declaratory Judgment Action

In December 2011, Gull filed an action in King County Superior Court (the "Superior Court") against Granite State and other insurers seeking, in pertinent part, a declaratory judgment as to each insurer's "obligations to remediate environmental pollution" at 220 of Gull's former gas stations, including Station 260. (*Id.* ¶ 12.) Gull also brought breach of contract claims against the insurers and sought damages. (*See* Laveson Decl. (Dkt. # 11) ¶ 6, Ex. 5 (2011 Superior Court Compl.); *see also id.* ¶ 7, Ex. 6 (2011 Superior Court FAC).[2])

---

[1] Granite State requests oral argument and Gull does not. (*See* MTD at 1; Resp.) The court concludes that oral argument is not necessary to decide the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court agrees with Granite State that the public records listed in the declaration of Jeffrey D. Laveson are incorporated by reference. (*See* Laveson Decl.); *see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

The Superior Court ultimately dismissed both of Gull's claims against Granite State: (1) in 2015, the court dismissed Gull's breach of contract claim without prejudice (*see* Laveson Decl. ¶ 8, Ex. 7 (2015 Order Granting MSJ)); and (2) in 2016, the court dismissed Gull's claim for declaratory relief with prejudice – a decision that was upheld on appeal,  (Compl. ¶ 13; *see also* Laveson Decl. ¶ 1, Ex. 1 (2016 Superior Court Order)); *see also Gull Indus., Inc. v. Granite State Ins. Co.*, 493 P.3d 1183 (Wash. Ct. App. 2021); *rev. denied*, 506 P.3d 646 (Wash. 2022).  Subject to the Owned Property Exclusion ("OPE")—a standard liability insurance provision that bars coverage for damage to property owned by the insured and limits coverage to third-party property damage—Granite State moved for summary judgment on Gull's coverage claim, in pertinent part, because Gull admitted that, after five years of litigation, it had no evidence of third-party property damage (i.e. no groundwater contamination) at 106 sites, including Station 260.  (*See* Laveson Decl.,¶ 15, Ex. 14 ("OPE MSJ") at 13-14; *id*., ¶ 16, Ex. 15 ("OPE MSJ Reply")); *see also Gull Indus.*, 493 P.3d at 1189 (Granite State "argued that the OPE sites should be dismissed because (1) there was no evidence of contamination or (2) the contamination was limited to soil.").  Granite State represents in its motion for summary judgement that, of the 106 sites, (1) soil sample testing confirmed that there was no evidence of third-party property damage for 30 sites, (*see* OPE MSJ at 13-14); and (2) "there is no evidence Gull has been able to locate, after a diligent search, off-property contamination or soil and/or groundwater contamination above state regulatory levels set under [the Model Toxic Control Act ("MTCA")][,]" for 76 of the

106 sites, including Station 260 (collectively, the "Admitted No Evidence" sites) (*see id.* at 14 (citing correspondence with Gull's counsel)).

In the motion for summary judgment, Granite State argued that

> Gull's admissions (in its disclosures) and the documents produced provide no evidence of off-site contamination at the OPE Sites. Under [Granite States'] Policies, the property damage and/or accident or loss must take place during the policy period. Where, as here, [Granite States'] Policies expired over 30 years ago, even if – at some point in the speculative future – off-site contamination does occur, there still can be no coverage under the policies since such damage and/or accident or loss cannot have taken place during the [Granite States'] Policies' periods.

(OPE MSJ at 22.)

In response, Gull agreed that the Superior Court should dismiss its claims against those sites for which it had no evidence of third-party property damage, and argued that such dismissal should be without prejudice so that "if in the future the State or a third-party makes a clean-up claim relating to releases during the policy period at issue, Gull should be free to make a new claim." (Laveson Decl., ¶ 17, Ex. 16 ("Gull Opposition to SJ") at 2.) Gull separately sought leave to file a fourth amended complaint to voluntarily dismiss the Admitted No Evidence sites from the litigation. (*See* Laveson Decl., ¶ 11, Ex. 10 (Mot. for 4th Am. Compl.) at 1-2; *id.*, ¶ 12, Ex. 12 (Reply to 4th Am. Compl.).) Although the trial court granted Gull leave to file a fourth amended complaint, it denied Gull's request for dismissal of the Admitted No Evidence sites without prejudice. (*See* Laveson Decl.,¶ 14, Ex. 13 (2017 Superior Court Order at 2.) Specifically, the Superior Court set forth:

> The court finds that dismissal of these sites, at this stage of litigation would unduly prejudice defendants. The investment of time, money and resources

ORDER - 4

into defending against these claims—some five years after this lawsuit was filed— would be completely wasted if dismissed now.

(*Id.*)

Consequently, in granting summary judgment for Granite State, the Superior Court held:

1. [Gull's] claims for coverage with respect to [the OPE sites] are dismissed with prejudice[;]
2. There has been no showing of third party property damages at any of the OPE sites[;][and]
3. There is no "imminent threat" to third party property damage at any of the OPE sites[.]

(2016 Superior Court Order at 3.)

**B.    2023 Port Orchard Lawsuit**

On April 7, 2023, the current owner of Station 260 sued Gull in Kitsap County Superior Court under Washington's MTCA (the "Port Orchard Lawsuit").  (Compl. ¶ 14.) Gull represents that the Port Orchard Lawsuit alleges that Gull is liable for the costs to clean up fuel leaks that spread from underground tanks and pipes at Station 260 during the Granite State policy periods.  (*Id.* ¶ 15.)  In May 2024, Gull tendered its claim for defense and indemnity in the Port Orchard Lawsuit to Granite State.  (*Id.* ¶ 16.)  Granite State, however, denied the tender on June 21, 2024, citing the 2016 judgment entered in the 2011 Superior Court case.  (*Id.* ¶ 17.)  On August 29, 2025, the Kitsap County Superior Court granted summary judgment against Gull on MTCA liability.  (*Id.* ¶ 18.) Gull contends that, in denying its tender, Granite State improperly ignored that neither the 2016 judgment in the 2011 Superior Court case nor the Court of Appeals order affirming that judgment "cancelled Gull's insurance contracts with Granite State, or

ORDER - 5

Granite State's future obligations under those contracts, including Granite State's obligation to defend and indemnify Gull in future lawsuits." (*Id.* ¶ 19.)

## C.     The Instant Case

On October 3, 2025, Gull filed the instant complaint bringing claims against Granite State for breach of contract, bad faith, breach of the duty of good faith and fair dealing, and violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86.090. (*Id.* ¶¶ 20-26.)  Gull seeks damages, interest, and attorneys' fees and costs. (*Id.* ¶ 28.)  On October 31, 2025, Granite State answered Gull's complaint and filed a counterclaim seeking attorneys' fees and expenses for opposing Gull's purportedly frivolous action.  (Defs. Ans. (Dkt. # 9).)  On November 6, 2025, Granite State moved to dismiss Gull's complaint.  (MTD.)  Granite State's motion is now fully briefed and ripe for decision.

## III.     ANALYSIS

The court first sets forth the applicable legal standard and then considers each of the parties' arguments in turn.

## A.     The Applicable Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6); *see also* Fed R. Civ. P. 8(a)(2) (requiring that the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief").  Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d

ORDER - 6

940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court "is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998) (citation omitted).

**B.      Granite State's Motion to Dismiss**

Granite State seeks dismissal of this coverage action based on the doctrine of *res judicata* and application of the Full Faith and Credit Act to a 2011 declaratory judgment action for environmental liability. (*See* MTD at 2.) Gull argues that *res judicata* does not preclude Gull from tendering the Port Orchard Lawsuit to Granite State because its 2011 breach of contract claim was dismissed without prejudice. (*See* Resp. at 1.) The court agrees with Granite State.

        1.  Gull's claims are barred by the doctrine of claim preclusion.

"*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added). Federal Courts "determine the preclusive effect of a state court judgment by applying that state's preclusion principles." *ReadyLink Healthcare, Inc. v. State Comp.*

ORDER - 7

*Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (citing the Full Faith and Credit Act, 28 U.S.C. § 1738). Because a Washington court decided the Superior Court action, Washington's claim preclusion law governs.

Under Washington law, "claim preclusion [] applies where a final judgment previously entered and a present action are so similar that the current claim should have been litigated in the former action." *Storti v. Univ. of Washington*, 330 P.3d 159, 165 (Wash. 2014); *see Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009) (stating that Washington claim preclusion law prohibits claim splitting, which occurs when a party files separate lawsuits with different claims but based on the same events); *see also Hisle v. Todd Pac. Shipyards Corp.*, 93 P.3d 108, 114 (Wash. 2004) ("*Res judicata* is the rule, not the exception[.]") (emphasis added). The threshold requirement for invoking claim preclusion is a final judgment on the merits. *Karlberg v. Otten*, 280 P.3d 1123, 1130 (Wash. Ct. App. 2012). A party seeking to invoke *res judicata* must establish "a concurrence of identity . . . of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made" between the prior judgment and a subsequent action. *Schroeder v. Excelsior Mgmt. Grp., LLC*, 297 P.3d 677, 684 (Wash. 2013) (internal quotation marks omitted) (quoting *Mellor v. Chamberlin*, 673 P.2d 610 (Wash. 1983)).

Applying this standard, the court concludes that Gull's claims are barred by the doctrine of claim preclusion. First, the threshold requirement for application of claim preclusion is satisfied because the Superior Court granted Defendant's motion for partial summary judgment and dismissed the action with prejudice. (*See* 2016 Superior Court

Order.)  It is axiomatic that a dismissal with prejudice constitutes a final judgment on the merits.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Save Bull Trout v. Williams*, 51 F.4th 1101, 1109 (9th Cir. 2022); *Krikava v. Webber*, 716 P.2d 916, 918 (Wash. Ct. App. 1986).

Second, both actions involve the same subject matter: ground water contamination at Station 260, excess insurance policies, assignments of rights, coverage issues, questions of environmental liability, and affirmative defenses.  (*Compare* 2011 Superior Court FAC ¶¶ 9-44; *with* Compl. ¶¶ 8-26.)  Third, the parties in this suit are named, in the same capacity, in both suits.  (*Compare* 2011 Superior Court FAC, *with* Compl.)  Fourth, the quality of the persons and parties are, consequently, the same because each party has "acted in its own capacity against [the other] and sought to advance and protect its own interests in both lawsuits."  *Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co.*, 308 P.3d 681, 685 (Wash. Ct. App. 2013).

Finally, Gull's coverage claims and the facts underlying those claims are either exactly the same or sufficiently identical to constitute the same causes of action under Washington's claim preclusion law.  *See Deja Vu-Everett-Fed. Way, Inc. v. City of Fed. Way*, 979 P.2d 464, 468 (Wash. Ct. App. 1999) (listing factors relevant to determining whether causes of action are the same and stating that whether the causes of action "arise out of the same transactional nucleus of facts" is most important).  Namely Gull's 2011 declaratory judgment action, (1) dealt with substantially the same evidence; (2) revolved around whether Gull's operation of Station 260 caused groundwater contamination

during the Granite State policy period; and (3) arose from the same nucleus of facts. (*Compare* Compl. ¶¶ 8-19; *with* 2011 Superior Court FAC ¶¶ 1, 7, 9-12.)

Specifically, in the 2011 Superior Court case, Gull alleged that it has:

incurred, and will continue to incur, liability for third-party property damage allegedly sustained to the soil and groundwater as a result of historical operations, and resulting environmental contamination, at over 140 properties at which Gull . . . conducted fueling or fueling-related operations[.]

(2011 Superior Court FAC ¶ 9.)  Meanwhile, in the instant matter, Gull asserts that:

The Port Orchard Lawsuit alleges Gull is liable for the costs to clean up fuel leaks that spread from its underground tanks and pipes during the Granite State policy periods.

Compl. ¶ 15.

Moreover, Gull seeks damages, interest, and attorneys' fees in both the Port Orchard Lawsuit and in the 2011 state court proceedings.  (*Compare* Compl. ¶ 28; *with* 2011 Superior Court FAC ¶¶ 45-49.)  Gull argues that the court should deny Granite State's motion because the Superior Court dismissed its 2011 breach of contract claim without prejudice.  (*See, e.g.*, Resp. at 1-2.)  The operative claim, however, need only be "sufficiently identical to constitute the same causes of action under Washington's claim preclusion law" to be precluded under the doctrine of *res judicata*.  *See Capstick v. Bank of New York Mellon*, No. C23-0936JLR, 2023 WL 5277685, at *4 (W.D. Wash. Aug. 16, 2024) (citing *Deja Vu-Everett-Federal Way, Inc.*, 979 P.2d at at 468).  The court declines

ORDER - 10

to deny the motion on those grounds.  Therefore, the court concludes that the doctrine of claim preclusion bars Gull's claims.[3]

2.  The court denies leave to amend.

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2).  Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

Because Gull's claims are barred by the doctrine of claim preclusion, the court concludes that further amendment would be futile.  Therefore, the court denies leave to amend.

## IV.   CONCLUSION

Consequently, the court grants Granite State's motion to dismiss (Dkt. # 10).  The court DISMISSES Gull's complaint and this action with prejudice.

Dated this 26th day of January, 2026.

JAMES L. ROBART
United States District Judge

---

[3] Because the court concludes that Gull's claims are barred by the doctrine of claim preclusion, it need not address the parties' remaining arguments.

ORDER - 11