UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GULL INDUSTRIES, INC., | CASE NO. C25-1923JLR |
| Plaintiff, | ORDER |
| v. | |
| GRANITE STATE INSURANCE CO., | |
| Defendant. | |

Before the court is Plaintiff / Counter-Defendant Gull Industries, Inc.'s ("Gull") motion for reconsideration of the court's January 26, 2026 Order granting Defendant / Counter-Claimant Granite State Insurance Company's ("Granite State") motion to dismiss. (Mot. (Dkt. # 19); Reply (Dkt. # 23); *see also* 1/26/26 Order (Dkt. # 17).) Granite State opposes the motion. (Resp. (Dkt. # 21).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Gull's motion.

ORDER - 1

The court set forth the background of this action in its January 26, 2026 Order and assumes the reader's familiarity with the factual and procedural history provided therein. (*See* 1/26/26 Order at 2-6.)  In that order, the court dismissed Gull's complaint after concluding that Gull's claims in the instant case are barred under the doctrine of claim preclusion.  (*See generally* 1/26/26 Order.)  This action arises from Granite State's refusal to defend and indemnify Gull in litigation that took place in 2023.  (*See* 1/26/26 Order at 2-6 (citing Compl. (Dkt. # 1) ¶ 1.)  In 2023, a third party sued Gull, alleging that Gull's prior operation of one gas station located in Port Orchard, Washington, caused ground water contamination during at least one Granite State insurance policy period (the "2023 Port Orchard Lawsuit").  (*Id*. at 5 (citing Compl. ¶ 14).)  The court granted Granite State's motion to dismiss, in pertinent part, because the court concluded that a 2016 state court judgment declaring that Granite State was subject to no obligation to remediate environmental pollution at Gull's former gas stations (the "2016 Declaratory Judgment") precluded the current action.  (*See id*. at 8-11); *see also Gull Indus., Inc. v. Granite State Ins. Co.*, 493 P.3d 1183 (Wash. Ct. App. 2021); *rev. denied*, 506 P.3d 646 (Wash. 2022).

On February 9, 2026, Gull moved for reconsideration, asserting that the court erred in concluding that Gull's current claims were precluded because Granite State had not shown a concurrence of identity of causes of action or subject matter between the 2016 Declaratory Judgment and current action.  (Mot. at 3.)  The court subsequently set a briefing schedule on the motion.  (*See generally* 2/18/26 Order (Dkt. # 20).)  The motion is now fully briefed and ripe for the court's consideration.

ORDER - 2

A motion for reconsideration is an "extraordinary remedy, to be used sparingly[.]" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "Indeed, 'a motion for reconsideration [of a court's prior order] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Although motions for reconsideration are generally "disfavored[,]" courts in this District grant such motions upon a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).

A party seeking to invoke claim preclusion must establish "a concurrence of identity . . . of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made" between the prior judgment and a subsequent action.  *Schroeder v. Excelsior Mgmt. Grp., LLC*, 297 P.3d 677, 684 (Wash. 2013) (internal quotation marks omitted) (quoting *Mellor v. Chamberlin*, 673 P.2d 610 (Wash. 1983)).  As to concurrence of causes of action, *Hassan v. GCA Production Services, Inc.*, explains that

> With regard to subject matter, '[c]ourts generally focus on the asserted theory of recovery rather than simply the facts underlying the dispute.'  And to determine whether causes of action are identical, courts consider where (1) prosecuting the second action would destroy rights or interests established in the first judgment, (2) the evidence presented in the two actions is substantially the same, (3) the two actions involve infringement of

ORDER - 3

the same right, and (4) the two actions arise out of the same transactional nucleus of facts.

487 P.3d 203, 208 (Wash. 2021) (internal citations omitted) (citing *Marshall v. Thurston Cnty.*, 267 P.3d 491, 495-96 (Wash. 2011)).

Here, the court agrees with Gull that it erred when it concluded that Granite State had shown concurrence of identity of causes of action and subject matter between the 2016 Declaratory Judgment and the current action. As Gull points out, this action implicates Granite State's duty to defend Gull in the 2023 Port Orchard Lawsuit rather than its duty to indemnify Gull against environmental liability generally. (*See* Mot. at 3-5 (so contending); Reply at 3 ("Gull's claim is based on Granite State's breach by wrongful denial of a tender of defense, a contract claim that did not exist in 2016.")) As a result, the court erred when it held that Gull's claims in this case were barred by claim preclusion.

In response, Granite State contends that claim preclusion is warranted, in part, because allowing this action to proceed would "destroy" the rights the trial court assigned it under the 2016 Declaratory Judgment. (Resp. at 4-6 (citing *Hassan*, 487 P.3d at 208); *id*. at 4 (asserting that the state court proceedings "relieved [Granite State] of further coverage obligations vis-à-vis the 76 sites[,]" including the site in Port Orchard, Washington).) The court disagrees.

Granite State relies on *Hassan* to support its proposition that there is concurrence of causes of action and subject matter between the instant case and the 2016 Declaratory Judgment action, but *Hassan* supports no such conclusion. (Resp. at 5-6.) The case upon which *Hassan* relies, *Marshall v. Thurston County*, is illustrative. In *Marshall*, a couple

ORDER - 4

first sued the county for negligence, trespass, and inverse condemnation for flooding of their property that resulted from the county's installation of a storm water diversion device and failure to provide for adequate runoff. *Marshall*, 267 P.3d at 493. The parties settled the matter, and plaintiffs released the county from future liability. *Id*. When their property flooded again, the plaintiffs again sued the county, alleging negligence, trespass, and inverse condemnation. *Id*. In determining that the first action precluded the second, the appellate court concluded that, under the theory of recovery established in the first lawsuit, "[e]ach flood was not a new cause of action, but rather additional damages resulting from the original installation, which did not provide for adequate runoff." *Id*. at 496 ("The [plaintiffs] sued based on a single wrongful act by the County, not a series of acts that gave rise to a series of causes of action.").

Here, by contrast, Gull's current claims rest on Granite State's alleged wrongful denial of a tender of defense, a contract claim that did not exist when the declaratory judgment was entered in 2016. (Compl. ¶ 1.) Under Washington law, each occurrence under an insurance policy can independently trigger the duty to defend. *See Transcon. Ins. Co. v. Wash. Pub. Utils. Dists.' Util. Sys.*, 760 P.2d 337, 346 (Wash. 1988) (concluding that separate triggering events constitute separate occurrences). Thus, because the state court did not rule on Granite State's duty to defend Gull against future occurrences under the insurance policies, prosecuting the current action cannot destroy rights or interests established by the 2016 Declaratory Judgment. For the same reason, it cannot be said that the 2016 Declaratory Judgment and the instant case arise from a

ORDER - 5

"single wrongful act[,]" rather than a series of acts that create a series of causes of action. *Marshall*, 267 P.3d at 496.

Because Granite State has not demonstrated a concurrence of identity of causes of action or subject matter between the 2016 Declaratory Judgment and the instant action, the court concludes that the 2016 Declaratory Judgment does not preclude this lawsuit. Therefore, the court GRANTS Gull's motion for reconsideration (Dkt. # 19), DENIES Granite State's motion to dismiss (Dkt. # 10), and VACATES the judgment (Dkt. # 18).

Dated this 13th day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 6